Thomas J. Salerno (AZ Bar #007492)
**SQUIRE SANDERS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-4498
Telephone:  (602) 528-4000
Facsimile:  (602) 253-8129
tsalerno@ssd.com

Stephen D. Susman*
Shawn J. Rabin*
Kalpana Srinivasan*
Oleg Elkhunovich*
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, NY  10022
Telephone:  (212) 336.8330
Facsimile:  (212) 336.8340
ssusman@susmangodfrey.com
srabin@susmangodfrey.com

Attorneys for Defendants
    *Admitted pro hac vice
(additional attorneys for Defendants on the signature page)

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF<br><br>DEWEY RANCH HOCKEY LLC<br>COYOTES HOLDINGS LLC<br>COYOTES HOCKEY LLC<br>ARENA MANAGEMENT GROUP LLC<br><br>Debtors. | Case No. 2:13-cv-02130-JWS<br><br>Appeal from:<br>Adv. No. 2:11-ap-00425-RTBP<br>Bkr. No. 2:09-bk-09488-RTBP |
| NATIONAL HOCKEY LEAGUE,<br><br>Appellant,<br><br>vs.<br><br>JERRY MOYES, VICKIE MOYES, AND THE JERRY AND VICKIE MOYES FAMILY TRUST,<br><br>Appellees. | **NOTICE OF FILING DEFENDANTS' MOTION TO TRANSFER RELATED CASE** |

Pursuant to LRCiv 42.1(a), appellees' Jerry Moyes, Vickie Moyes, and the

Jerry and Vickie Moyes Family Trust (collectively, the "Moyes Defendants"), through counsel, respectfully notify this Court that the Moyes Defendants have filed the attached Motion to Transfer Related Case in *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Case No. 2:10-cv-01036-GMS (D. Ariz.) ("Related Case").  This case is an appeal from the Bankruptcy Court's interlocutory order on motions for summary judgment in *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Adv. No. 2:11-ap-00425-RTBP, which Honorable G. Murray Snow referred to the Bankruptcy Court on September 15, 2010, from the Related Case, pursuant to General Order 01-15 of this District.

Dated this 23rd day of October, 2013.

                Respectfully submitted,

                Thomas J. Salerno
                SQUIRE SANDERS (US) LLP.
                1 East Washington Street, Suite 2700
                Phoenix, Arizona 85004-4498
                (602) 528-4000
                (602) 253-8129

                Laura H. Kennedy
                COHEN KENNEDY DOWD & QUIGLEY, P.C.
                2425 East Camelback Road, Suite 1100
                Phoenix, AZ  85016
                (602) 252.8087
                (602) 252.5339

                /s/ Oleg Elkhunovich
                Stephen D. Susman
                Shawn J. Rabin
                Kalpana Srinivasan
                Oleg Elkhunovich
                SUSMAN GODFREY L.L.P.
                560 Lexington Ave., 15th Floor
                New York, NY 10022
                (212) 336-8330
                (212) 336-8340 (fax)

                *Counsel for Defendants Jerry Moyes, Vickie Moyes and The Jerry and Vickie Moyes Family Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to the following ECF participants:

Alan A. Meda, Stinson Morrison Hecker. LLP, Attorneys for Plaintiff
Bradley I. Ruskin, Proskauer Rose LLP, Attorneys for Plaintiff
David S. Mordkoff, Proskauer Rose LLP, Attorneys for Plaintiff
Scott A. Eggers, Proskauer Rose LLP, Attorneys for Plaintiff

  /s/ Oleg Elkhunovich
Oleg Elkhunovich
Attorney for Defendants

Thomas J. Salerno (AZ Bar #007492)
**SQUIRE SANDERS (US) LLP**
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-4498
Telephone: (602) 528-4000
Facsimile: (602) 253-8129
tsalerno@ssd.com

Laura H. Kennedy (AZ Bar #012173)
**COHEN KENNEDY DOWD & QUIGLEY, P.C.**
2425 East Camelback Road, Suite 1100
Phoenix, AZ 85016
Telephone: (602) 252.8087
Facsimile: (602) 252.5339
lkennedy@CKDQLaw.com

Stephen D. Susman*
Shawn J. Rabin*
Kalpana Srinivasan*
Oleg Elkhunovich*
**SUSMAN GODFREY L.L.P.**
560 Lexington Avenue, 15th Floor
New York, NY 10022
Telephone: (212) 336.8330
Facsimile: (212) 336.8340
ssusman@susmangodfrey.com
srabin@susmangodfrey.com

Attorneys for Defendants
*Admitted pro hac vice

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL HOCKEY LEAGUE,<br><br>Plaintiff,<br><br>vs.<br><br>JERRY MOYES, VICKIE MOYES, AND THE JERRY AND VICKIE MOYES FAMILY TRUST,<br><br>Defendants. | Case No. 2:10-cv-01036-GMS<br><br>**DEFENDANTS' MOTION TO TRANSFER RELATED CASE** |

1

2918884v1/011940

| | |
|---|---|
| IN THE MATTER OF<br><br>DEWEY RANCH HOCKEY LLC<br>COYOTES HOLDINGS LLC<br>COYOTES HOCKEY LLC<br>ARENA MANAGEMENT GROUP LLC<br><br>Debtors.<br><br>NATIONAL HOCKEY LEAGUE,<br><br>Appellant,<br><br>vs.<br><br>JERRY MOYES, VICKIE MOYES, AND THE JERRY AND VICKIE MOYES FAMILY TRUST,<br><br>Appellees. | Case No. 2:13-cv-02130-JWS<br><br>Appeal from:<br>Adv. No. 2:11-ap-00425-RTBP<br>Bk. No. 2:09-bk-09488-RTBP |

## **DEFENDANTS' MOTION TO TRANSFER RELATED CASE**

Pursuant to Rule 42.1 and 3.7(c) of the Local Rules of Civil Procedure, defendants Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust (collectively, the "Moyes Defendants"), through counsel, respectfully move this Court to transfer *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Case No. 2:13-cv-02130-JWS (D. Ariz.) ("Related Case"), to this Court as a related case to *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Case No. 2:10-cv-01036-GMS (D. Ariz.). The Related Case is plaintiff National Hockey League's ("NHL") appeal from the Bankruptcy Court's interlocutory order on motions for summary judgment in *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Adv. No. 2:11-ap-00425-RTBP (Bankr. D. Ariz.), which this Court referred to the

2

2918884v1/011940

Bankruptcy Court on September 15, 2010, pursuant to General Order 01-15 of this District. Dkt. No. 66. Naturally, these related cases, or, more accurately, two parts of the same case—the appeal of the Bankruptcy Court's interlocutory order in the referred adversary proceeding and the referring case pending before this Court—"arise from substantially the same transaction[s] or event[s]," "involve substantially the same parties," "call for determination of substantially the same questions of law." and "would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). Accordingly, transferring the recently-filed appeal to this Court would promote judicial economy.[1]

The Moyes Parties submit the following Memorandum of Law in support of this motion. A proposed order is also attached.

## **MEMORANDUM IN SUPPORT**

This Court should grant the Moyes Defendants' Motion to Transfer Related Case to this Court because the transfer will promote judicial economy by preventing substantial duplication of labor if the Related Case and this case are heard by different Judges.

### I. FACTS AND PROCEDURAL HISTORY

The present case commenced on March 5, 2010, when plaintiff NHL filed a civil action in the Supreme Court of the State of New York, County of New York. (Dkt. No. 1). The Moyes Parties removed this action to the Southern District of New York, pursuant to 24 U.S.C. § 1334(b), on the grounds that this action is related to the ongoing Bankruptcy Proceeding. Pursuant to 28 U.S.C. § 1404(a), the Southern District of New York then transferred this case to the District of

---

[1] By filing this motion to transfer, the Moyes Parties do not concede that the NHL's appeal of the Bankruptcy Court's interlocutory order, granting in part the Moyes Parties' motion for summary judgment, is proper. To the contrary, the Moyes Parties reserve the right to move to dismiss the appeal or oppose a motion for leave to appeal, should one be filed and be deemed timely, on the grounds that this interlocutory appeal is inappropriate and premature.

3

2918884v1/011940

Arizona as a more convenient forum. (Dkt. No. 24, 29).

On July 23, 2010, this Court entered an Order to Show Cause why this matter should not be referred to the Bankruptcy Court pursuant to General Order 01-15 of this District. (Dkt. No. 61). The NHL opposed and the Moyes Parties favored referral. Following oral argument on this issue on August 27, 2010, the Court referred this case to the Bankruptcy Court on September 15, 2010, holding as follows:

> Having the Bankruptcy Court examine the pending Motions and manage other pretrial matters would avoid delay and costs to the parties and encourage uniformity of bankruptcy administration because the Bankruptcy Court has preexisting familiarity with the law, facts and parties. While withdrawal of the reference ultimately may prove necessary, judicial efficiency is best served at this juncture by following this District's standard procedure and referring the matter to the Bankruptcy Court.

(Dkt. No. 66 at 5).

Subsequently, the parties have been litigating this lawsuit before the Honorable Redfield T. Baum in the Bankruptcy Court for three years. The parties have completed fact and expert discovery, although the NHL indicated that it anticipates amending and supplementing its expert report on damages. (*See* Dkt. 79 at 4). The parties filed a Proposed Final Pretrial Order on April 24, 2013, and Amended Appendices to the Proposed Final Pretrial Order on May 3, 2013. The Proposed Final Pretrial Order was prepared utilizing this Court's form Pretrial Order. (*See* Dkt. No. 78 at 3). The Bankruptcy Court approved the Final Pretrial Order on May 15, 2013. (Bankr. Dkt. No. 130).

On May 8, 2013, the Bankruptcy Court held a Pretrial Conference. At the conference, the Moyes Parties consented to the Bankruptcy Court entering final orders on the summary judgment motions, and a final judgment, if appropriate, and conducting a jury trial on the NHL's claims. However, the NHL, by notice filed on May 15, 2013, consented only to the entry of final orders and judgment by

4

the Bankruptcy Court on the summary judgment motions, but did not consent to a jury trial before the Bankruptcy Court. Accordingly, the Bankruptcy Court ordered the NHL to file with this Court a motion to withdraw the reference to the Bankruptcy Court within 30 days following the Bankruptcy Court's ruling on the summary judgment motions. In addition, the Bankruptcy Court ordered the parties to file a complete Final Pretrial Order that reflects any further agreements between the parties within 30 days after its ruling on motions for summary judgment. (*See* Dkt. No. 78 at 3).

On April 5, 2013, the parties filed cross-motions for partial summary judgment. The Bankruptcy Court heard argument on the summary judgment motions on July 11, 2013. On October 4, 2013, the Bankruptcy Court issued a Minute Order ruling on the parties' summary judgment motions, granting the Moyes Parties' motion on the following NHL's claims: (1) Count 1 and 2 for breaches of the Consent Agreement to the extent they seek operating losses incurred by the NHL or its affiliate; (2) Count 3 for aiding and abetting a breach of fiduciary duty; and Count 5 for recovery of the amounts owed to Wayne Gretzky. All other motions were denied without prejudice. (Bankr. Dkt.[2] No. 147 at 13). The Bankruptcy Court instructed counsel for the Moyes Parties to serve and lodge an appropriate order no later than 14 days from the date of the minute order decision, or October 18, 2013. *Id.*

On October 18, 2013, before the formal order on motions for summary judgment was entered, and without seeking leave to appeal, the NHL filed a notice of appeal of the Bankruptcy Court's October 4, 2013 summary judgment ruling

---

[2] Citations to "Bankr. Dkt." refer to the Bankruptcy Court's docket entries in the referred adversary proceeding, *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Adv. No. 2:11-ap-00425-RTBP (Bankr. D. Ariz.).

5

and election to have its appeal heard by the District Court.[3] (Bankr. Dkt. 152, 153). On October 21, 2013, the Bankruptcy Court transmitted the appeal to the District Court, placing it on the District Court's docket with case number 2:13-cv-02130. On October 22, 2013, the District Court issued a notice of receipt of appeal, assigning it to the Honorable John W. Sedwick.

On October 21, 2013, the Moyes Parties filed a motion in the Bankruptcy Court seeking to postpone the scheduling deadlines and for leave to file a renewed motion for summary judgment on the NHL's damages claim for attorney's fees. (Bankr. Dkt. No. 156). The Bankruptcy Court has not yet ruled on the Moyes Parties' motion for leave. Therefore, at this time, per the Bankruptcy Court's scheduling deadlines, the NHL must move this Court to withdraw its reference of this matter to the Bankruptcy Court, and the parties must file a supplemental final pretrial order by November 4, 2013.

## II. LEGAL STANDARD

The Court has "broad discretion" to transfer the Related Case to this Court. *Smith v. Sperling*, No. 11cv722, 2011 WL 4101508, at *1–2 (D. Ariz. Sept. 14, 2011). Local Rule of Civil Procedure 42.1(a) provides the factors courts should consider to determine whether a related case should be transferred. Rule 42.1(a) allows the Moyes Parties to file this transfer motion when the related cases: "(1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a). The cases are related if they satisfy any one of the above

---

[3] In its notice of appeal, the NHL stated that it "intends to file a supplemental notice of appeal within fourteen days of entry of [formal order], and, if appropriate, a motion for leave to appeal pursuant to Bankruptcy Rules 8001(b) and 8003. (Bankr. Dkt. 152 at 2).

6

2918884v1/011940

factors. *Smith*, 2011 WL 4101508, at *1. Once any of the above factors is satisfied, this Court may exercise its broad discretion and transfer the related case. *Id.*

If the Court determines that transfer is appropriate and a single judge should hear the related cases, Local Rule 42.1(d) provides factors guiding the Court's determination of which judge should hear the related cases: "(1) whether substantive matters have been considered in a case; (2) which Judge has the most familiarity with the issues involved in the cases; (3) whether a case is reasonably viewed as the lead or principal case; or (4) any other factor serving the interest of judicial economy." LRCiv 42.1(d).

Additionally, Local Rule of Civil Procedure 3.7(c) provides that bankruptcy appeals should be assigned to the District Judge who presided over the previously-filed related matter arising out of the same bankruptcy case.

### III. DISCUSSION

As explained in the procedural history above, the NHL's appeal of the Bankruptcy Court's October 4, 2013 Order on summary judgment, now pending before Judge Sedwick, and this case are not just related, but are two branches of the same lawsuit. Axiomatically, the appeal and the instant originating case arise from the same transactions and events, involve the same parties, call for determination the same questions of law, and would necessarily entail substantial duplication of labor if heard by different Judges. Therefore, the requirements for transfer under Local Rule 42.1(a) are plainly satisfied. Importantly, given the NHL's refusal to consent to a jury trial in the Bankruptcy Court, barring final resolution of all claims in the Bankruptcy Court without a jury trial, the reference to the Bankruptcy Court must necessarily be withdrawn in the near future, and this lawsuit will proceed to trial before this Court. Indeed, if the Bankruptcy Court does not grant the Moyes Parties' motion to postpone the scheduling deadlines, a

motion for withdrawal of reference to the Bankruptcy Court must be filed in less than two weeks, on November 4, 2013. The interests of judicial economy will inevitably be contravened if the appeal of the Bankruptcy Court's summary judgment ruling will be heard by Judge Sedwick, but the rest of the case will proceed to trial before this Court. The issues on appeal and those to be tried are inextricably intertwined—having these issues heard by different district court judges in parallel will unavoidably entail substantial duplication of labor, and will likely result in delay.

It only makes sense for the NHL's appeal to be transferred to this Court under Local Rule 42.1(d). As the originating case—referred by the Court to the Bankruptcy Court for pretrial management—this case is the lead and principal case. Further, the parties have worked to prepare this case for trial before this Court, preparing the Final Pretrial Order utilizing this Court's form Pretrial Order. Additionally, a transfer of the NHL's appeal to this Court is consistent with, and arguably mandated by, Local Rule of Civil Procedure 3.7(c), which requires that bankruptcy appeals should be assigned to the District Judge who presided over the previously-filed related matter arising out of the same bankruptcy case. Given that the NHL's appeal and the instant matter before the Court are the same case, the appeal should be transferred to this Court.

## IV. CONCLUSION

For the foregoing reasons, the Moyes Defendants respectfully request that the Court grant its Motion to Transfer Related Case.

Dated this 23rd day of October, 2013.   Respectfully submitted,

                      Thomas J. Salerno
SQUIRE SANDERS (US) LLP.
1 East Washington Street, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000
(602) 253-8129

Laura H. Kennedy
COHEN KENNEDY DOWD &
QUIGLEY, P.C.
2425 East Camelback Road, Suite 1100
Phoenix, AZ  85016
(602) 252.8087
(602) 252.5339

/s/ Oleg Elkhunovich
Stephen D. Susman
Shawn J. Rabin
Kalpana Srinivasan
Oleg Elkhunovich
SUSMAN GODFREY L.L.P.
560 Lexington Ave., 15th Floor
New York, NY 10022
(212) 336-8330
(212) 336-8340 (fax)

*Counsel for Defendants Jerry Moyes, Vickie Moyes and The Jerry and Vickie Moyes Family Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2013, I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to the following ECF participants:

Alan A. Meda, Stinson Morrison Hecker. LLP, Attorneys for Plaintiff
Bradley I. Ruskin, Proskauer Rose LLP, Attorneys for Plaintiff
David S. Mordkoff, Proskauer Rose LLP, Attorneys for Plaintiff
Scott A. Eggers, Proskauer Rose LLP, Attorneys for Plaintiff

    /s/ Oleg Elkhunovich
Oleg Elkhunovich
Attorney for Defendants

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| NATIONAL HOCKEY LEAGUE,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY MOYES, VICKIE MOYES, AND THE JERRY AND VICKIE MOYES FAMILY TRUST,<br><br>    Defendants. | Case No. 2:10-cv-01036-GMS<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER RELATED CASE** |

Having considered the parties' submissions on defendants' Motion to Transfer Related Case ("Motion"), and good cause existing therefor,

IT IS HEREBY ORDERED THAT:

1. Defendants' Motion is Granted;

2. *National Hockey League v. Jerry Moyes, Vickie Moyes, and the Jerry and Vickie Moyes Family Trust*, Case No. 2:13-cv-02130-JWS (D. Ariz.) is transferred to this Court as related to the above-captioned matter, and the case number will subsequently read 2:13-cv-02130-GMS.

2918887v1/011940